UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK A. RIVERS, | ) | Case No. 4:04 CV 550 |
| | ) | |
| Plaintiff, | ) | Judge Peter C. Economus |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| UNITED STATES OF AMERICA, | ) | (Resolving Docket Nos. 16, 17) |
| | ) | |
| Defendant. | ) | Magistrate Judge James S. Gallas |
| | ) | |

Plaintiff Derrick A. Rivers filed *pro se* what he chose to denominate as his "civil complaint for negligence where plaintiff is unable to determine definitely the person responsible . . ." alleging physical injury sustained during transport on March 27, 2001 from Charlotte, North Carolina to Washington, D.C. by the United States Marshal Services from stepping into a hole. This resulted in a fall injuring his left shoulder. He was x-rayed and treated for pain at FCI Petersburg, where the injury occurred, and following transfer to the District of Columbia's former Lorton Correctional Facility, Rivers was x-rayed again on April 3, 2001, and told that he would need surgery on his left shoulder to repair the damage.

*Motion to Transfer Venue:*

As related in the Interim Report and Recommendation (Docket No. 8), Mr. Rivers was subjected to several transfers before coming to FCI Elkton. The United States has moved to change or transfer venue (Docket No. 16). Previously in the Interim Report and Recommendation the undersigned had recommended that the transfer of venue be denied without prejudice insofar that defendants have failed to establish a factual legal basis for substitution for the United States as a

4:04 CV 0550                                                   2

party under the Federal Tort Claims Act (Docket No. 8, at 5). However, new counsel on behalf of the government has appeared and the quandary has been resolved (See Docket Nos. 14, 15).

Motions to transfer under 28 U.S.C. §1404(a) are permitted upon consideration of the convenience of the parties, the witnesses, the interest of justice and whether it might have been brought originally in the transferee district. See *Central States, Southeast & Southwest Areas Health & Welfare Fund v. Guarantee Trust Life Ins. Co.*, 8 F.Supp.2d 1008, 1010-11 (N.D. Ohio 1998). As pointed out, the remaining parties are the United States, Lorton Prison and Washington D.C. Jails. The United States notes that the other defendants have expressed a preference for return of this case to its original jurisdiction in the United States District Court for the District of Columbia, but the United States argues that venue properly lies in the Eastern District of Virginia. This is based on the fact that the initial injury occurred at F.C.I. Petersburg which is located in the Eastern District of Virginia. The United States also points out that witnesses are located in several jurisdictions but that the key witnesses would be located in the Eastern District of Virginia. Further, that since this case is brought pursuant to the Federal Tort Claims Act (28 U.S.C. §2671 at seq.) state law should determine the extent of liability and damages and in this case Virginia law should be applied. Finally, the United States argues that under the Federal Tort Claims Act venue is limited to where either plaintiff resides or where the act or omission complained of occurred. See 28 U.S.C. §1402(b). Ordinarily the first requirement of transfer is the existence of an alternate forum and this requirement will be satisfied where the defendant is "amenable to process" in the other jurisdiction." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n. 22, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); *PT United Can Ltd. v. Crown Court & Co., Inc.*, 138 F.3d 65, 72 (2nd Cir. 1998). Accordingly, the United States has established a persuasive case for transfer of venue and no objections have been

4:04 CV 0550                                3

forthcoming. Accordingly, it is recommended that the motion to transfer venue pursuant to 28 U.S.C. §1404(a) be granted.

*Motion for Summary Judgment (Docket No. 17):*

Mr. Rivers has filed a motion which he deems as one for summary judgment but in reality it is a motion for default judgment filed on the same date as the United States filed its answer to the complaint (See Docket Nos. 17, 18). As the United States points out, it filed its answer within 60 days of its becoming a party to this action and Mr. Rivers failure to properly serve and name the United States as a party cannot work to his benefit (Response at 1, Docket No. 20). Said action is also precluded under Fed. R. Civ. P. 55(e) ("No judgment by default shall be entered against the United States. . ."). Accordingly, the motion designated as a motion for summary judgment should be denied.

                                                    s/James S. Gallas  
                                               United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

Dated: September 15, 2006